# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDALBERTO SAAVEDRA,<br><br>           Petitioner,<br><br>     v.<br><br>HILL,<br><br>           Respondent. | No. 1:22-cv-00506-JLT-BAK (SAB) (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 18) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

In 1987, Petitioner was convicted of first-degree murder involving the personal use of a firearm and sentenced to an imprisonment term of twenty-seven years to life. (ECF No. 1 at 2;[1] LD[2] 2.) On October 31, 1988, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2.) On February 1, 1989, the California Supreme Court denied the petition for review. (LDs 3, 4.)

On August 13, 1991, Petitioner filed a federal habeas petition in this Court that was voluntarily dismissed on May 22, 1992. Saavedra v. Myers, No. 1:91-cv-00636-REC-JFM (E.D.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "LD" refers to the documents lodged by Respondent on June 22, 2022. (ECF No. 19).

1

Cal. May 22, 1992).[3] Meanwhile, on March 16, 1992,[4] Petitioner constructively filed a state habeas petition in the California Supreme Court, which denied the petition on April 29, 1992. (LDs 5, 6.) On July 6, 1992, Petitioner filed another federal habeas petition in this Court, which denied the petition on July 27, 1994. Saavedra v. Myers, No. 1:92-cv-05511-OWW-JFM (E.D. Cal. July 27, 1994).

On May 28, 2019, Petitioner constructively filed a state habeas petition in the Kern County Superior Court, which denied the petition on September 13, 2019. (LDs 7, 8.) On November 26, 2019, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on December 12, 2019. (LDs 9, 10.) On December 23, 2019, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on April 15, 2020. (LDs 11, 12.)

On March 31, 2021, Petitioner constructively filed the instant federal habeas petition in the United States District Court for the Central District of California. (ECF No. 1.) In the petition, Petitioner challenges his 1987 first-degree murder conviction. (Id. at 2.) On April 29, 2022, the matter was transferred to this Court. (ECF No. 9.) On June 22, 2022, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 18.) To date, no opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v.

---

[3] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 18 at 2 n.1).

Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, however, Petitioner's conviction became final before AEDPA's enactment on April 24, 1996. The Ninth Circuit has held "that AEDPA's one-year time limit did not begin to run against any state prisoner prior to the statute's date of enactment." Calderon v. United States Dist. Court, 128 F.3d 1283, 1287 (9th Cir. 1997). Thus, state prisoners "had a one-year grace period in which to file their petitions" that "ended on April 24, 1997 in the absence of . . . tolling." Patterson v. Stewart, 251 F.3d 1243, 1245, 1246 (9th Cir. 2001). Petitioner had until April 24, 1997, to file a timely federal habeas petition. The instant petition was filed almost twenty-four years after AEDPA's

one-year grace period ended. Accordingly, the instant federal petition is untimely unless Petitioner establishes that statutory and/or equitable tolling is warranted.

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Although Petitioner filed two federal habeas petitions, the limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001). Petitioner's first state habeas petition was filed on March 16, 1992, and denied by the California Supreme Court on April 29, 1992. (LDs 5, 6). As Petitioner's first state habeas petition was filed and denied before the one-year limitation period commenced, Petitioner is not entitled to statutory tolling for the period during which this petition was pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing"). Subsequently, Petitioner filed three state habeas petitions in 2019. (LDs 7, 9, 11.) However, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner is not entitled to statutory tolling for these three state habeas petitions.

### C. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

///

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 18) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 28, 2022**

UNITED STATES MAGISTRATE JUDGE