**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IDALBERTO SAAVEDRA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>HILL,<br><br>　　　　Respondent. | Case No.: 1:22-cv-0506 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Docs. 18, 20) |

　　　Idalberto Saavedra is a state prisoner proceeding *pro se* with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On June 22, 2022, Respondent filed a motion to dismiss the petition for habeas corpus. (Doc. 18.) Petitioner did not oppose motion. On September 28, 2022, the assigned magistrate judge found that the habeas petition was untimely, and Petitioner did not establish that statutory and/or equitable tolling was warranted. (Doc. 20 at 2-4.) Therefore, the magistrate judge recommended the motion to dismiss be granted and the petition be dismissed. (*Id.* at 5.)

　　　The Court served the Findings and Recommendations Petitioner by mail on September 28, 2022. It advised Petitioner that any objections had to be filed within thirty days after service and that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (Doc. 20 at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) Petitioner did not file objections or any other response to the Findings and Recommendations, and the deadline to do so has expired.

1

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, this Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Petitioner had until April 24, 1997, to file a timely federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (state prisoners had a one-year grace period in the absence of tolling to file their habeas petitions following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996). Petitioner filed his petition nearly 24 years after any petition should have been filed and failed to show he was entitled to statutory or equitable tolling. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 28, 2022 (Doc. 20) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 18) is **GRANTED**.
3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as untimely.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 17, 2022**

_____
UNITED STATES DISTRICT JUDGE